### (October 12, 1976)

■ In the Matter of GORDON CONTESSA et al., Respondents, v EUGENE J. MCCARTHY et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, Albany County, dated October 8, 1976, which, in a proceeding pursuant to section 330 of the Election Law to invalidate the independent nominating petition designating appellants as candidates of the Independence Party for the public offices of President of the United States of America, Vice-President of the United States of America, and 41 Electors of President and Vice-President, denied appellants' motion to dismiss the proceeding as untimely. While we disagree with Special Term's conclusion that the affidavits submitted by three of the appellants fail to raise an issue of fact because the affiants failed to state either their address or zip code, we nonetheless find that the proceeding was timely commenced (Election Law, § 330). Order affirmed, without costs. Greenblott, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.

■ In the Matter of ROBERT GARROW, Respondent, v STEPHEN R. MAY et al., Constituting the New York State Board of Elections, Respondent, and ANDREW W. RYAN, JR., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered October 8, 1976 in Albany County, which reinstated a judgment of the same court, entered August 6, 1976, granting, by default, petitioner's application, in a proceeding pursuant to section 330 of the Election Law, to declare invalid the petition designating appellant, Andrew W. Ryan, Jr., as a candidate of the Conservative Party for member of the Assembly for the 111th Assembly District. Special Term lacked jurisdiction to grant the August 6 judgment since the proceeding challenging appellant Ryan's designating petition was not commenced within the 14-day period prescribed by section 330 of the Election Law *(Matter of Bruno v Peyser,* 40 NY2d 827). The prior order of Mr. Justice Conway signed October 5 vacating the August 6 judgment and directing the appellant State Board of Elections to place the name of appellant Ryan on the ballot as the Conservative Party candidate in the November 2 general election for the public office of Member of the Assembly for the 111th Assembly District is reinstated. Order reversed, on the law and the facts, without costs. Greenblott, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.