■ In the Matter of GEORGE KAPUSINSKI, Appellant, v DANIEL T. FITTS, as Executive Director of the Adirondack Park Agency, et al., Respondents. [667 NYS2d 783] —White, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered October 30, 1996 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a declaratory ruling by respondent Adirondack Park Agency.

Petitioner and his predecessors in title owned a large parcel of property located along the eastern shore of Lake George in the Town of Dresden, Washington County, that is within the Adirondack Park. In the 1960s, approximately 70 parcels of

this property were sold to various individuals,* which conveyances included deeded access to the waterfront over the approximately five-acre parcel that is the subject of this case. Petitioner initially proposed to subdivide this parcel into six lots and in 1992 the application was approved. Prior to the withdrawal of the approval in August 1995, petitioner conveyed one parcel having shoreline frontage of 125 feet to third parties who intended to construct a one-family dwelling. Included in this conveyance was a deed provision committing 60 of the 125 feet of shoreline frontage to backlot shoreline access. On February 14, 1996, petitioner requested a declaratory ruling from respondent Adirondack Park Agency (hereinafter APA), with respect to, *inter alia*, the application of the shoreline restrictions set forth in Executive Law § 806 to his proposed subdivision.

Two subparagraphs of Executive Law § 806 are applicable; Executive Law § 806 (1) (a) (1), which provides that the minimum lot width along the shoreline for each one-family residential structure in the applicable moderate intensity use area is 100 feet, and Executive Law § 806 (1) (a) (4), which provides that the minimum shoreline frontage required to support deeded access for 5 to 20 backlots is 100 feet, with an additional three feet for each backlot over 20 and up to 100 (Executive Law § 806 [1] [a] [4] [a], [b]). In the APA's view these subparagraphs are discrete which means there must be sufficient shoreline frontage to support residential use and sufficient frontage to support backlot access. Under this interpretation, petitioner's shorefront lots would have to have 350 feet of shoreline footage (100 feet for the residence, 100 feet for the first 20 backlots and 150 feet for the remaining 50). Contending that these subparagraphs should be read together so that the shoreline footage supporting residential use could also support backlot access, petitioner challenged the APA's interpretation in this CPLR article 78 proceeding. Supreme Court dismissed the petition, finding that the APA's interpretation was not arbitrary or capricious as it was consistent with the purposes of the Adirondack Park Agency Act. Petitioner appeals.

Our task in interpreting statutes is to ascertain and give effect to the intention of the Legislature (*see, Matter of Yolanda D.*, 88 NY2d 790, 795) which requires us to look to the spirit and purpose of the statute (*see, Albright v Metz*, 88 NY2d 656,

---

* Supreme Court permitted many of these property owners to intervene in this proceeding over petitioner's objection. Petitioner has not appealed from this aspect of Supreme Court's order.

664). The stated purpose of Executive Law § 806 is "to provide adequate protection of the quality of the [bodies of water within the Adirondack Park] and the qualities of their shorelines" (Executive Law § 806 [1]). It is clearly understood that the optimum means for achieving this purpose is to provide for the dispersal of development and use, thereby alleviating the impact upon water quality and preventing the degradation of the shoreline. The APA's interpretation is consonant with this as it promotes the dispersal of use and development whereas petitioner's is not, as his construction would allow more intensive use of the shoreline. Furthermore, if the Legislature intended these subparagraphs to be read together, it can be assumed it would have included them in a single subparagraph or otherwise indicated they could be merged. Accordingly, for these reasons, we agree with Supreme Court's resolution of this proceeding and affirm.

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.