OPINION OF THE COURT
 

 Smith, J.
 

 The issue here is whether patients may obtain their own medical records from a State agency pursuant to New York State’s Freedom of Information Law (FOIL) (Public Officers Law art 6) despite the prohibition of Public Health Law § 18 (6) against redisclosure of patient information by third parties. We conclude that, under the circumstances of this case, petitioner is entitled to his medical records, and we therefore affirm the order of the Appellate Division.
 

 The facts are not in dispute. During 1993, petitioner James Mantica received allegedly deficient medical care at St. Peter’s Hospital in Albany, New York, resulting in the amputation of his legs. On January 21, 1994, his wife, petitioner Ruth Mantica, filed a complaint with respondent, the New York State Department of Health (DOH). By letter dated February 22, 1995, DOH replied by indicating the results of its investigation.
 

 In May 1995, petitioners commenced a medical malpractice action in Supreme Court against several physicians and St. Peter’s Hospital. In conjunction with that action, by letter dated September 27, 1995, petitioners requested from DOH a copy of “your complete file concerning the investigation of the above-captioned complaint, including all communications, notes of interviews, reports, conclusions, Statements of Deficiencies issued, and other pertinent documents.” On October 10, 1995, DOH responded by providing redacted versions of some of the documents requested. In January 1996, petitioners submitted a second, more detailed request for the DOH file, this time invoking FOIL. DOH denied the request, claiming to have previously provided all information properly subject to FOIL disclosure. The results of an administrative appeal, dated February 3, 1997, which were sent to petitioner by DOH, disclosed additional information, cited statutory exemptions to FOIL and stated that the medical records should be obtained directly from the hospital pursuant to Public Health Law § 18.
 

 Petitioners then commenced this CPLR article 78 proceeding in Supreme Court seeking an annulment of the determinations
 
 *61
 
 of DOH and disclosure of petitioner’s medical records pursuant to FOIL. The court concluded that the Public Health Law’s prohibition on redisclosure exists for the benefit and protection of the subject patient and that the “information requested cannot possibly be construed as potentially harmful to the subject so as to outweigh the subject’s right of access to the information.” Supreme Court, however, refused to order the disclosure of quality assurance review activities, plans for correction of deficiencies or the opinions of persons leading to the corrective plans on the grounds that they were confidential and exempt from disclosure pursuant to Public Health Law §§ 2805-j and 2805-m.
 

 The Appellate Division unanimously affirmed, concluding that to deny a patient disclosure of his or her own health care information would be “illogical and * * * unreasonable” (248 AD2d 30, 32). The Court further held that DOH had failed to demonstrate any harm that might attach to any of the parties by allowing redisclosure to petitioner. This Court granted DOH leave to appeal (93 NY2d 802). Only the production of petitioner’s medical records is before us.
 

 FOIL imposes a broad standard of open disclosure upon agencies of the government
 
 (Matter of Farbman & Sons v New York City Health & Hosps. Corp.,
 
 62 NY2d 75; Public Officers Law § 84). Documents in the possession of public agencies are presumptively discoverable under FOIL, unless the agency can point to a specific statutory exemption
 
 (see, Matter of Hanig v State of New York Dept. of Motor Vehicles,
 
 79 NY2d 106, 109;
 
 Matter of Capital Newspapers v Whalen,
 
 69 NY2d 246, 252). Exemptions from FOIL “are to be narrowly construed, with the burden resting on the agency to demonstrate that the requested material indeed qualifies for exemption”
 
 (Matter of Hanig v State of New York Dept. of Motor Vehicles,
 
 79 NY2d,
 
 supra,
 
 at 109, citing Public Officers Law § 89 [4] [b]). Accordingly, petitioner is entitled to disclosure of his medical records unless a specific statute prohibits the agency from disclosing them.
 

 Here, DOH argues that it has satisfied its burden of nondisclosure by pointing to the Public Health Law’s prohibition on third-party redisclosure of patient information (Public Health Law § 18 [6], [1] [e]), and to the FOIL prohibition of disclosure of material exempted by State or Federal statute
 
 (see,
 
 Public Officers Law § 87 [2] [a]).
 
 [1]
 
 DOH argues that Public
 
 *62
 
 Health Law § 18 (6),*
 
 [2]
 
 which limits the instances in which third parties who have obtained confidential medical records may disclose them, provides an exemption from disclosure under FOIL. However, when read in context, the intent of section 18 (6) was not to prevent disclosure to patients of their own medical records. Rather, section 18 was intended to grant patients a right of access to their medical records subject to some limitations (see,
 
 e.g.,
 
 Sponsor’s Mem, 1986 NY Legis Ann, at 220-221). The result that section 18 (6) seeks to prevent is the disclosure of confidential medical records to third parties.
 

 Indeed, the legislative record preceding the passage of Public Health Law § 18 includes a written submission by DOH recommending approval of then Senate Bill S 9346. It stated:
 

 “There is no legitimate reason to withhold information related to a person’s physical health from that person particularly when insurers, government agencies and employers are routinely granted access. Access to their records enhances the ability of patients to obtain necessary information about their medical treatment and condition and to make fully informed choices about their medical care” (Mem, New York State Dept of Health, Bill Jacket, L 1986, ch 497).
 

 While a patient’s right of access to his or her own medical records should ordinarily not be denied, that right is not absolute. Public Health Law § 18 (3) permits a health care provider to deny a patient access to records if the information contained
 
 *63
 
 therein can cause such “substantial and identifiable harm” to the patient or others as to outweigh the patient’s right of access, or if the records contain privileged doctors’ notes. In addition, section 18 (3) and (4) provide a detailed mechanism of administrative and judicial review when access is denied for these reasons. Therefore, in cases where the records are potentially harmful, or where privileged medical notes are involved, section 18 (3) and (4) might provide a specific statutory exception to FOIL, and the patient might be required to obtain the records directly from the health care provider pursuant to section 18. Here, however, there has never been any allegation that the records sought by petitioner contain harmful information or privileged doctors’ notes. Accordingly, section 18 (3) and (4) do not provide an exemption to FOIL in the case at hand.
 

 Finally, the fact that petitioner could obtain his records from the hospital pursuant to section 18 does not diminish his right to obtain them under FOIL
 
 (see, Matter of Farbman & Sons v New York City Health & Hosps. Corp.,
 
 62 NY2d 75,
 
 supra).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Bellacosa, Levine, Cipaeick, Wesley and Rosenblatt concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . Public Officers Law § 87 (2) (a) provides as follows:
 

 
 *62
 
 “2. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that:
 

 “(a) are specifically exempted from disclosure by state or federal statute.”
 

 [2]
 

 . Public Health Law § 18 (6) provides as follows: “Disclosure to third persons. Whenever a health care provider, as otherwise authorized by law, discloses patient information to a person or entity other than the subject of such information or to other qualified persons, either a copy of the subject’s written authorization shall be added to the patient information or the name and address of such third party and a notation of the purpose for the disclosure shall be indicated in the file or record of such subject’s patient information maintained by the provider * * *. This subdivision shall not apply to disclosure to practitioners or other personnel employed by or under contract with the facility, or to government agencies for purposes of facility inspections or professional conduct investigations. Any disclosure made pursuant to this section shall be limited to that information necessary in light of the reason for disclosure. Information so disclosed should be kept confidential by the party receiving such information and the limitations on such disclosure in this section shall apply to such party.”