■ In the Matter of ANTHONY VITIELLO, Appellant, v ROBERT MORGENTHAU, as District Attorney of New York County, Respondent. [731 NYS2d 386] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered on or about August 14, 2000, which denied petitioner's application and dismissed his petition pursuant to CPLR article 78 challenging respondent District Attorney's denial of his Freedom of Information Law request, unanimously affirmed, without costs.

Under the unique circumstances of this case, respondent sustained his burden (see, Matter of Mantica v New York State Dept. of Health, 94 NY2d 58, 61) of demonstrating that petitioner was likely acting as the agent of another incarcerated felon whose own Freedom of Information Law request had been denied. The denial of petitioner's request was not improperly based on petitioner's motives (see, Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d 145, 156), but instead was properly based on the potential use to which the information could be put (id. at 156-157). The particular circumstances of this case made it the rare case in which "the status and purpose of the applicant" had "some relevancy in determining the risk of oppressive utilization of the materials sought" (id. at 159).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Wallach, J. P., Rubin, Buckley, Friedman and Marlow, JJ.