■ In the Matter of DONALD L. HASSIG et al., Appellants, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [742 NYS2d 442] —Crew III, J.P. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered February 26, 2001 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Health denying petitioners' Freedom of Information Law request.

Petitioner Donald L. Hassig is a member of petitioner St. Lawrence Environmental Action, a grass roots organization seeking to develop and implement a cancer prevention program in St. Lawrence County. By letter dated December 30, 1999, petitioners filed a request with respondent Department of Health (hereinafter respondent) under the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) seeking records from the State Cancer Registry of "cancer site specific diagnoses and deaths from the period 1976-1997 for St. Lawrence County." Petitioners requested information for all age groups, including children, except in those instances where there were two or less cancer site specific records for a particular year and zip code. Respondent denied petitioners' request in March 2000, concluding that the information sought by petitioners was exempt from disclosure under Public Health Law § 2402 and 42 USC § 280e. Following an unsuccessful administrative appeal, petitioners commenced this proceeding pursuant to CPLR article 78 seeking to annul respondent's determination. Supreme Court dismissed petitioners' application, finding that respondent had articulated a specific justification for denying access to the requested records. This appeal by petitioners ensued.

We affirm. It is well settled that "[d]ocuments in the possession of public agencies are presumptively discoverable under FOIL, unless the agency can point to a specific statutory exemption" (*Matter of Mantica v New York State Dept. of Health*, 94 NY2d 58, 61). Such exemptions, in turn, are to be narrowly construed, and "the agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566).

Public Officers Law § 87 (2) (a) provides that an agency may deny access to records or any portion thereof if such records specifically are exempted from disclosure by state or federal statute. In denying petitioners' request for the records at issue, respondent relied upon Public Health Law § 2402 and 42 USC § 280e (c) (2) (D) (v). Public Health Law § 2402 provides, in relevant part, as follows: "The reports of cancer cases made pursuant to the provisions of [Public Health Law article 24] shall not be divulged or made public so as to disclose the identity of any person to whom they relate, by any person, except in so far as may be authorized in the sanitary code."* Similarly, 42 USC § 280e (c) (2) (D) (v) prohibits the "disclosure to any person of information * * * that identifies, or could lead to the identification of, an individual cancer patient," except in circumstances not present here. Thus, our inquiry distills to whether respondent properly concluded that the records sought by petitioners either actually revealed or could lead to the disclosure of the identity of a particular cancer patient.

Both the underlying determination and the affidavit in opposition submitted by Maria Schymura, the Director of the State Cancer Registry, outline possible scenarios under which the information sought by petitioners could, in combination with other readily available information, be used to identify specific cancer patients. For example, the record demonstrates that the information sought by petitioners, combined with personal knowledge of individuals in a particular community, could very well lead to the disclosure of not only the identity of a particular cancer patient, but also details regarding such patient's type of cancer and/or treatment. In her affidavit, Schymura notes that between 1976 and 1997, 81 children were diagnosed with cancer while residing in St. Lawrence County.

---

* It is undisputed that the provisions of the State Sanitary Code authorizing limited disclosure of such records are inapplicable to the matter before us.

Of these 81 cases, 55 fell within the "two or less cancer site specific records for a particular year and zip code" exception outlined by petitioners in their December 1999 request. As to the remaining 26 children, however, Schymura averred that each of them easily could be identified by anyone with personal knowledge of some aspect of their respective medical conditions. According to Schymura, 18 of the 26 children at issue were the *only* children diagnosed with cancer in their zip code in the year of diagnosis, and the remaining eight children were readily identifiable because each had a "unique combination of age group, gender, year of diagnosis and ZIP code."

In our view, respondent articulated a particularized and specific justification for denying access to the records in question—namely, that such records, when combined with other readily available information, including community knowledge, could identify or lead to the identification of individual cancer patients. Accordingly, Supreme Court properly dismissed petitioners' application.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.