■ In the Matter of PATRICIA FEERICK et al., Appellants, v HOWARD SAFIR, as POLICE COMMISSIONER OF THE CITY OF NEW YORK, et al., Respondents. [745 NYS2d 538]

Petitioners are among four police officers criminally prosecuted in 1992 for their overly zealous efforts to recover a police radio believed to have been stolen by suspected drug dealers in the precinct. In 2000, petitioners sought release of the Police Department's internal investigative files on their respective cases, under FOIL (Public Officers Law art 6). The request was denied on the ground that the documents sought were confidential police personnel records, and thus protected from disclosure under Civil Rights Law § 50-a. Petitioners thereupon brought this article 78 proceeding, which was ultimately dismissed on the merits.

We agree with the IAS court that this petition was timely brought, and that with respect to petitioner Feerick, this was

not simply an effort to revive her earlier (1995) FOIL request which had sought documents in support of her challenge to a promotion passover. Neither res judicata nor issue preclusion should inhibit this proceeding. We disagree, however, with the court's rejection of the petition on the merits.

Public Officers Law § 87 (2) permits an agency to deny a FOIL request for records that, inter alia, are specifically exempted from disclosure by statute (par [a]), would amount to an unwarranted invasion of personal privacy if disclosed (par [b]), or would interfere with law enforcement investigations or judicial proceedings for which they were compiled (par [e] [i]). Considering these exceptions in reverse order, paragraph (e) (i) is designed to avoid compromise of a continuing investigative or judicial process. This exception is inapplicable because the criminal investigation and judicial proceedings concerning these petitioners' conduct have long ago been concluded. Paragraph (b) does not apply because petitioners have waived their privacy in this matter by bringing the instant proceeding. Similarly, the statute relied upon by respondents in support of the paragraph (a) exception—Civil Rights Law § 50-a—permits disclosure of an officer's personnel records where the officer him/herself has given "express written consent." The FOIL request itself, if not this very article 78 petition, constitutes express written consent to the disclosure of petitioners' own personnel records. Where the intention of the statute is to prevent disclosure of confidential records to third parties, that purpose cannot be used to prevent the subject of those records from reviewing them (*see, Matter of Mantica v New York State Dept. of Health*, 94 NY2d 58).

In honoring a FOIL request, respondents are obligated to conduct a diligent search for the materials in question. In light of the District Attorney's suggestion, eight years ago, that a FOIL request be made to the Police Department, any effort by respondents now to refer petitioners back to the District Attorney's office would undermine the public purpose of FOIL. With the exception of the missing worksheet No. 120, respondents have conceded transmitting facsimiles of the documents in question throughout the course of their investigation, clearly indicating that they have access to copies, if not the originals.

The parties have been given adequate opportunity, during the course of this litigation, to present their cases for and against disclosure of all materials at issue. There is no need for further hearings. Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Gonzalez, JJ.

■ EDWARD J. MUHL, Superintendent of Insurance of the State of New York, as Liquidator of MIDLAND INSURANCE COM-