■ In the Matter of TERMINIX INTERNATIONAL COMPANY, L.P., Appellant, v ASSISTANT COMMISSIONER FOR HEARINGS AND MEDIATION SERVICES FOR THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [753 NYS2d 591] —Kane, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered November 15, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's Freedom of Information Law request.

In December 2000, petitioner filed a request with respondent Department of Environmental Conservation (hereinafter DEC) under the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) seeking "all records or portions of records relating or referring to data submitted by commercial applicators for the 1997, 1998 and 1999 Annual Pesticide Reports" (*see* ECL 33-1203 [1]). Specifically, petitioner requested the "amount and type (brand name or EPA registration number) of each application of termiticide in the State of New York" and stated that "summaries by counties or zip codes are not acceptable." DEC denied petitioner's request in January 2001, concluding that pursuant to the ECL, the informa-

tion from the database could be released to the public only in summary form according to product and county and/or zip code. Upon administrative appeal by petitioner, respondent Assistant Commissioner for Hearings and Mediation Services for DEC adhered to that determination, adding that the information could not be retrieved, in the form requested, using DEC's existing computer database. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul DEC's determination. Supreme Court dismissed the petition finding that DEC's interpretation of the subject statutory provisions was reasonable. This appeal by petitioner ensued.

We affirm. Under FOIL, all agency records are presumptively discoverable unless they fall within one of the enumerated statutory exemptions which are narrowly interpreted (*see* Public Officers Law § 87 [2]; *see Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse*, 65 NY2d 294, 296; *see also Matter of Hassig v New York State Dept. of Health*, 294 AD2d 781, 782, *lv denied* 99 NY2d 502). " '[T]he agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access' " (*Matter of Hassig v New York State Dept. of Health, supra* at 782, quoting *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566).

Petitioner contends that Supreme Court erred in adopting DEC's interpretation of the ECL provisions regulating disclosure of pesticide application information and thus failed to narrowly construe the exceptions to FOIL. Pursuant to ECL 33-1201 (1) (a), DEC is required to "develop a pesticide sales and use computer data base in conjunction with Cornell University." ECL 33-1201 (1) (b) provides, in relevant part, that such information "obtained for and contained in the data base shall be accessible by interested parties only to the extent permitted pursuant to [ECL 33-1201 (2) and 33-1203 (1) (a)]." Further, ECL 33-1201 (2) requires DEC to "prepare an annual report summarizing pesticide sales, quantity of pesticides used, category of applicator and region of application" in a manner that prevents the identification of any applicator or seller of pesticides or any customer receiving the services of a commercial applicator. The report is to be submitted and "shall be made available to all interested parties." With respect to the information available to interested parties under ECL 33-1201, ECL 33-1203 (1) (a) states that, "upon written request of an interested party," DEC shall provide the pesticide information submitted pursuant to ECL 33-1205 and 33-1207 "by county or

counties, or five-digit zip code or codes as selected by the interested party making the written request."

Thus, ECL 33-1201 (2) allows interested parties access to DEC's annual reports which summarize the database information and ECL 33-1203 (1) (a) permits disclosure only by county or counties, or five-digit zip code or codes as selected by the interested party making the request. Neither provision allows the information to be provided in the specific form it was requested. These restrictions, however, do not apply to the Commissioner of Health, the Health Research Science Board and board approved health researchers who may be provided, upon request, with information by "nine-digit zip code" (ECL 33-1203 [1] [b]), allowing them to obtain data for each pesticide application on an address-by-address basis. When ECL 33-1203 (1) (a) is read in conjunction with ECL 33-1203 (1) (b), it is clear that the Legislature intended (see Matter of Kapusinski v Fitts, 246 AD2d 811, 813) that disclosure under the former statute be limited. We find, then, that DEC properly construed ECL 33-1203 (1) (a) as authorizing the release of the subject information only in summary form. Hence, we conclude that DEC's narrow interpretation of same is consonant with its underlying purpose, i.e., to provide public access to the database while protecting any proprietary or identifying information enclosed therein, and therefore reasonable. Thus, we find no reason to disturb Supreme Court's dismissal of the petition.

To the extent that petitioner now contends that DEC violated its own record retention policy by destroying the original data it collected from commercial pesticide applicators, we note that petitioner did not raise this issue before Supreme Court and instead raises it for the first time on appeal; it is, accordingly, not preserved for appellate review (see Matter of Long Is. Jewish-Hillside Med. Ctr. v McBarnette, 216 AD2d 731, 733). We find, nevertheless, that had Supreme Court considered DEC's record retention policy, the result would be the same as nothing in ECL 33-1201 (2) or ECL 33-1203 (1) (a) allows petitioner access to the data in the specific form requested.

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.