■ In the Matter of DAILY NEWS, L.P., et al., Respondents, v CITY OF NEW YORK OFFICE OF PAYROLL ADMINISTRATION, Appellant. [781 NYS2d 3]—

Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered April 29, 2003, in a proceeding pursuant to the Freedom of Information Law, directing respondent City of New York Office of Payroll Administration to provide petitioners with the age and home zip code of every person employed by the New York City Board of Education (BOE) between July 1, 2000 and December 31, 2001, unanimously affirmed, without costs.

Respondent's attorney's affirmation, simply tracking Public Officers Law § 89 (2) (b) (v), claims exemption from disclosure because "[t]he ages and zip codes of BOE employees is information that is personal in nature, reported in confidence to the BOE, and is not relevant to the work of the BOE," but is utterly devoid of any factual basis for these conclusions. Moreover, respondent is a distinct agency from nonparty Board of Education (see NY City Charter, ch 39, § 871), and any sworn statements made by respondent's attorney on behalf of the nonparty agency are therefore incompetent to support its claim that the requested information is exempt from disclosure under the Freedom of Information Law. Accordingly, respondent failed to satisfy its burden of demonstrating that the requested material indeed qualifies for the exemption (see Matter of Mantica v New York State Dept. of Health, 94 NY2d 58, 61 [1999]; Church of Scientology v State of New York, 46 NY2d 906 [1979]). In any event, with respect to obtaining the zip codes of Board of Education employees, petitioner conceded at oral argument that it will accept, as satisfactory compliance with the Public Officers Law, the zip codes without cross references to any employee's name or other identifying feature. Concur—Tom, J.P., Ellerin, Williams and Marlow, JJ.