Matter of Lopez v Port Auth. of N.Y. & N.J. (2019 NY Slip Op 02661)





Matter of Lopez v Port Auth. of N.Y. & N.J.


2019 NY Slip Op 02661


Decided on April 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8943 101341/16

[*1]In re Frank Lopez, Petitioner-Respondent,
v
The Port Authority of New York and New Jersey, Respondent-Appellant.


Port Authority Law Department, New York (Allen F. Acosta of counsel), for appellant.



Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered September 8, 2017, which, insofar as appealed from, granted the petition to the extent of directing respondent to turn over certain psychometric testing results to petitioner, unanimously reversed, on the law, without costs, the petition denied, and the proceeding dismissed. The Clerk is directed to enter judgment accordingly.
In this article 78 proceeding, petitioner seeks to annul The Port Authority's determination that he was not qualified to serve as a police officer in its public safety department due to the results of petitioner's psychological evaluation, and seeks to require The Port Authority to provide all records pertaining to petitioner's psychological evaluation. In its final judgment, Supreme Court granted The Port Authority's cross motion to dismiss the portion of the petition seeking to annul and set aside The Port Authority's determination that petitioner was not qualified for the position of police officer and granted the portion of the petition seeking to order The Port Authority to provide petitioner with his psychometric testing results related to his psychological evaluation pursuant to New York's Public Health Law § 18. We now reverse the judgment insofar as it ordered the release of the requested documents to petitioner pursuant to Public Health Law § 18.
The Port Authority is an interstate compact agency and as such is not subject to New York legislation governing "internal operations," e.g. employer-employee relations (see Matter of Agesen v Catherwood, 26 NY2d 521, 525-526 [1970]), unless both New York and New Jersey have enacted legislation providing that the same is applicable to The Port Authority, which is not the case here. However, the Port Authority, "albeit bistate, is subject to New York's laws involving health and safety, insofar as its activities may externally affect the public" (Matter of Agesen v Catherwood, 26 NY2d at 525-526 [1970]); Salvador-Pajaro v Port Auth. of N.Y. & N.J., 52 AD3d 303 [1st Dept 2008]).
We find that petitioner was not entitled to his psychometric testing results pursuant to New York's Public Health Law § 18. While the law involves health and safety, the statute is not implicated in this case. Public Health Law § 18 was intended to give individuals enhanced access to their medical records "to obtain necessary information about their medical treatment and condition and to make fully informed choices about their medical care" (Matter of Mantica v New York State Dept of Health, 94 NY2d 58, 62 [1999], quoting Mem, New York State Dept of Health, Bill Jacket, L 1986, ch 497).
Here, petitioner is not seeking to procure the psychological testing results as "necessary information about [his] medical treatment and condition . . . to make fully informed choices about [his] medical care" (Mantica, 94 NY2d at 62). Instead, The Port Authority's psychological testing results relate solely to its hiring practices, a wholly internal matter. As aptly described by The Port Authority, the process used to recruit, screen, and evaluate candidates seeking to serve [*2]as police officers is a quintessential example of an internal operation and a core employer-employee relations matter (see Matter of Agesen v Catherwood, 26 NY2d at 525-526).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2019
CLERK