Matter of Suhr v New York State Dept. of Civ. Serv. (2021 NY Slip Op 01113)





Matter of Suhr v New York State Dept. of Civ. Serv.


2021 NY Slip Op 01113


Decided on February 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

531696

[*1]In the Matter of David R. Suhr, Respondent,
v
New York State Department of Civil Service, Appellant.

Calendar Date: January 7, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ.


Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for appellant.
Glennon Law Firm, Rochester (Craig Peterson of counsel), for respondent.



Garry, P.J.
Appeal from that part of a judgment of the Supreme Court (Koweek, J.), entered May 6, 2020 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent partially denying petitioner's Freedom of Information Law request.
Pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]), petitioner requested records from respondent, specifically a document containing the (1) full name, (2) home zip code, (3) hire date, (4) labor organization, (5) bargaining unit and (6) payroll deduction type of all state employees in classified service. After petitioner certified that the responsive data would not be used for solicitation or fundraising purposes, respondent sent him all the requested data except employees' home zip codes and payroll deduction type. The FOIL officer's letter indicated that respondent does not maintain data concerning payroll deduction type and that respondent withheld home zip codes pursuant to Public Officers Law §§ 87 (2) (b) and 89 (7) and Executive Order (Cuomo) No. 183 (9 NYCRR 8.183). Following an unsuccessful appeal to respondent's FOIL appeals officer, petitioner commenced this CPLR article 78 proceeding challenging the partial denial of his FOIL request and seeking to obtain disclosure of the requested zip codes. Supreme Court, among other things, concluded that neither the Public Officers Law nor Executive Order No. 183 barred release of the zip codes, and granted so much of the petition as requested such data. Respondent appeals.
"FOIL generally requires government agencies to make available for public inspection and copying all records subject to a number of exemptions" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 73 [2017] [internal quotation marks and citations omitted]; see Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 224-225 [2018]; Matter of Laveck v Village Bd. of Trustees of the Vil. of Lansing, 145 AD3d 1168, 1169 [2016]). "The exemptions set forth in the statute are interpreted narrowly in order to effect the purpose of the statutory scheme" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 73 [citation omitted]; see Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d at 225; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566 [1986]). Through FOIL, the Legislature created a three-step process.
"An agency that initially denies a request is not required to specify a reason for the denial (see Public Officers Law § 89 [3] [a]). Upon the second step, the administrative appeal, the agency is required to 'fully explain in writing . . . the reasons for further denial' (Public Officers Law § 89 [4] [a]). The third step is a CPLR article 78 proceeding, in which the agency 'shall have the burden of proving that such record falls within the provisions of' a statutory exception (Public Officers Law § 89 [4] [b]; [*2]see Public Officers Law § 87 [2])," by articulating a particularized and specific reason for denying access to the record (Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y., 161 AD3d 1283, 1285 [2018]; see Matter of Bass Pro, Inc. v Megna, 69 AD3d 1040, 1041 [2010]; see also Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 74).
Respondent satisfied its statutory obligation to fully explain its determination in the administrative appeal by stating that disclosure of name and zip code pairings would invade employee privacy to an unwarranted degree, citing statutes that protect personal identifying information of the public generally and state workers in particular (see Matter of Bass Pro, Inc. v Megna, 69 AD3d at 1041; see also Public Officers Law § 89 [4] [a]). Respondent's burden to articulate a particularized and specific justification did not arise until petitioner commenced this CPLR article 78 proceeding (see Matter of Bass Pro, Inc. v Megna, 69 AD3d at 1041).[FN1] To meet its burden, respondent asserted two statutory exemptions: one prohibiting release of records protected by a state or federal statute, specifically the statute providing that FOIL does not require the disclosure of, among other things, home addresses of public employees (see Public Officers Law §§ 87 [2] [a]; 89 [7]); and another that permits agencies to "deny access to records or portions thereof that . . . if disclosed would constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]).
We must narrowly interpret the exemption in Public Officers Law § 87 (2) (a), which here incorporates the protections of Public Officers Law § 89 (7) (see Matter of Mantica v New York State Dept. of Health, 94 NY2d 58, 61 [1999]).[FN2] "While FOIL exemptions are to be narrowly read, they must of course be given their natural and obvious meaning where such interpretation is consistent with the legislative intent and with the general purpose and manifest policy underlying FOIL" (Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d at 225 [internal quotation marks and citations omitted]; see Matter of Federation of N.Y. State Rifle & Pistol Clubs v New York City Police Dept., 73 NY2d 92, 96 [1989]). Keeping this in mind, we recognize that some courts, in the context of addressing service of process by mail, have held that a zip code is but one component of a home address and, standing alone, is not functionally the same as a home address (see e.g. Karrlson & Ng v Cirincione, 186 Misc 2d 359, 361 [Civ Ct, New York County 2000] [noting that "the zip code is part of a mailing address"]; New York City Hous. Auth. v Fountain, 172 Misc 2d 784, 786 [Civ Ct, Bronx County 1997] [setting forth the elements of an address]; cf. Ludmer v Hasan, 33 AD3d 594, 594 [2006] [approving of service where envelope contained proper street address and town but failed to specify a zip code]). The Committee on Open Government has also accepted the premise that "there [*3]is a distinction between" providing zip codes and home addresses (Comm on Open Govt FOIL-AO-18959 [2012]).
However, other courts have referred to an address and zip code in the disjunctive, implying that they are separate items (see People v King, 234 AD2d 923, 924 [1996], lv denied 89 NY2d 1012 [1997]; Matter of Contessa v McCarthy, 54 AD2d 781, 781 [1976], affd 40 NY2d 890 [1976]). And, in at least one context, the Legislature has stated that a zip code is a person's "approximate address" (Correction Law § 168-l [6] [a] [permitting disclosure of a level one sex offender's "approximate address based on (his or her) zip code"]; People v S.L., ___ Misc 3d ___, ___, 2020 NY Slip Op 20320, *3 [Sup Ct, Suffolk County 2020]; People v Sumpter, 177 Misc 2d 492, 495 [Crim Ct, Queens County 1998]; compare Correction Law § 168-l [6] [b], [c] [permitting disclosure of a person's "exact address" where the person is designated a level two or level three sex offender]). Hence, a zip code alone may be considered a person's address for some purposes.
Moreover, we are cognizant of the growing access to information arising from recent — and tremendous — technological advances in our society. In our current, highly technological environment, using a zip code or other partial address information directly matched with an individual's name could readily facilitate access to that person's complete home address.[FN3] Thus, accepting petitioner's argument would eviscerate this statutory exemption, rendering it without any practical effect (see e.g. Matter of Hassig v New York State Dept. of Health, 294 AD2d 781, 783 [2002], lv denied 99 NY2d 502 [2002]). FOIL exemptions should not be read in a way that would defeat their purpose (see Matter of Kosmider v Whitney, 34 NY3d 48, 62 [2019] [stating that "(t)he FOIL rule that we interpret exemptions from disclosure narrowly does not require that we disregard (the) commonsense understanding of legislative intent"]). Accordingly, although we recognize the somewhat novel nature of our determination — that a zip code is the functional equivalent of an address for FOIL purposes — we find this exemption applicable.
Nonetheless, we further consider the additional exemption asserted by respondent. Pursuant to the alternate grounds, the question is whether disclosing a home zip code paired with an employee's name would constitute "an unwarranted invasion of personal privacy under the provisions of [Public Officers Law § 89 (2)]" (Public Officers Law § 87 [2] [b]). This privacy exception includes eight categories that are per se unwarranted invasions of privacy, but the circumstances constituting an unwarranted invasion of personal privacy "shall not be limited to" those listed (Public Officers Law § 89 [2] [b]). Respondent did not specify a paragraph of Public Officers Law § 89 (2) (b) that it relied upon. Notably, petitioner certified that the information would not be used for "solicitation or fund-raising purposes" (Public [*4]Officers Law § 89 [2] [b] [iii]), and the zip codes were not provided to respondent in confidence (see Public Officers Law § 89 [2] [b] [v]; Matter of Carnevale v City of Albany, 68 AD3d 1290, 1292 [2009]). "In the absence of proof establishing the applicability of one of these specifically-enumerated categories, we evaluate whether disclosure would constitute an unwarranted invasion of personal privacy 'by balancing the privacy interests at stake against the public interest in disclosure of the information'" (Matter of Laveck v Village Bd. of Trustees of the Vil. of Lansing, 145 AD3d at 1170, quoting Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 485 [2005]; see Matter of Hepps v New York State Dept. of Health, 183 AD3d 283, 287-288 [2020]; Matter of Massaro v New York State Thruway Auth., 111 AD3d 1001, 1002 [2013]).[FN4]
On one side of the equation is the public interest in disclosure of government records. When enacting FOIL, the Legislature explained that its purpose is to promote accountability and transparency in government, declaring that "government is the public's business" and " [t]he people's right to know the process of governmental decision-making and to review the documents and statistics leading to determinations is basic to our society" (Public Officers Law § 84). Stated otherwise, "the underlying purpose of FOIL [is] to promote transparency in governmental operations so that the process of governmental decision-making is on public display and governmental actions can be more readily scrutinized" (Matter of Hepps v New York State Dept. of Health, 183 AD3d at 288 [internal quotation marks and citation omitted]). "It is difficult to fathom how this fundamental and salutary objective will be furthered by the release of the information sought by petitioner[]" (id.). The home zip codes of government employees are entirely unrelated to their positions, official duties and "the process of governmental decision-making" (Public Officers Law § 84), and the disclosure of these zip codes would not promote openness or accountability in that regard.[FN5] Thus, the general public interest in this data is slight.
On the other side of the equation is the interests of state employees in not having their home zip codes, along with their names and job information, released to members of the public. "An unwarranted invasion of personal privacy has been characterized as that which would be offensive and objectionable to a reasonable person of ordinary sensibilities" (Matter of Massaro v New York State Thruway Auth., 111 AD3d at 1003 [internal quotation marks, brackets and citations omitted]; see Matter of Hepps v New York State Dept. of Health, 183 AD3d at 288). Respondent particularly and specifically justified its denial when it stated that the correlation of names and home zip codes invaded employee privacy, and respondent offered to release a summary or de-identified employee zip codes upon receipt of a new FOIL request (an [*5]offer that petitioner did not accept) (compare Matter of Daily News, L.P. v City of N.Y. Off. of Payroll Admin., 9 AD3d 308, 308 [2004], lv denied 3 NY3d 609 [2004]). Respondent supported its assertion by attaching to its answer a press release from the website of petitioner's employer, which implied that he intended to use the data to "provide information to" state employees.
Although "FOIL does not require the party requesting the information to show any particular need or purpose" (Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 463 [2007]), and a petitioner's motive or purpose in seeking records pursuant to FOIL is generally irrelevant (see Matter of Gould v New York City Police Dept., 89 NY2d 267, 274 [1996]; Matter of Karimzada v O'Mara, 111 AD3d 1088, 1089 [2013]), the requester's purpose may become relevant if the intended use of the requested material would run afoul of a FOIL exemption (see Matter of New York State Rifle & Pistol Assn., Inc. v Kelly, 55 AD3d 222, 225 [2008]). Petitioner can only accomplish his goal of providing information to state employees if he uses the Internet or some other source, along with the disclosed names and home zip codes, to discover the employees' complete home addresses (see Matter of New York State United Teachers v Brighter Choice Charter School, 15 NY3d 560, 566 [2010]; Matter of Hassig v New York State Dept. of Health, 294 AD2d at 782-783). This attempted end-run around the statutory exemptions cannot stand. The personal privacy exemption "would have little meaning if [individuals or] entities could circumvent [it] by gaining access to only the names [of public employees] and then linking them to a home address. The policy concerns underlying the personal privacy exemption are no less implicated under that scenario" (Matter of New York State United Teachers v Brighter Choice Charter School, 15 NY3d at 566). Indeed, this Court has affirmed denial of disclosure where the requested "records, when combined with other readily available information, . . . could identify or lead to the identification of" information protected under a FOIL exemption (Matter of Hassig v New York State Dept. of Health, 294 AD2d at 783; see also Matter of New York Times Co. v City of N.Y. Police Dept., 103 AD3d 405, 408 [2013] [rejecting "(e)ven the partial disclosure of an address" because it could be used, with other information, to identify a crime victim], lv dismissed 21 NY3d 930 [2013], lv denied 22 NY3d 854 [2013]).
As to special protections for state employee records, the Legislature's enactment of Public Officers Law § 89 (7) indicates its desire to protect public employees from harassment at home. That statute provides that "[n]othing in [FOIL] shall require the disclosure of the home address of an officer or employee" of the state (Public Officers Law § 89 [7]; see Public Officers Law § 87 [2] [a]). Moreover, by executive order the Governor has prohibited state agencies from disclosing state employees' home [*6]addresses except when "compelled . . . by lawful service of process, subpoena, court order, or as otherwise required by law" (Executive Order [Cuomo] No. 183 [9 NYCRR 8.183]). These policy goals are relevant to the interests in protecting the personal privacy of government employees.
The scenario of numerous — or perhaps most — state employees being contacted at home by a private individual or organization that knows who they are, where they live and what they do for a living seems likely to be offensive and objectionable to most reasonable people (see Matter of Hepps v New York State Dept. of Health, 183 AD3d at 288-291; Matter of Massaro v New York State Thruway Auth., 111 AD3d at 1003; compare Matter of Livson v Town of Greenburgh, 141 AD3d 658, 661 [2016]; Matter of New York Times Co. v City of N.Y. Police Dept., 103 AD3d at 407-408 [where agency released zip codes, but not street addresses, of handgun license holders]; Matter of New York Times Co. v New York State Dept. of Health, 243 AD2d 157, 160 [1998] [finding unpersuasive the argument that release of one additional piece of information would result in an unwarranted invasion of personal privacy]). Thus, release of home zip codes would constitute an unwarranted invasion of personal privacy under these circumstances. Accordingly, as respondent met its burden of proving that the requested zip codes are exempt from disclosure under FOIL, Supreme Court erred in ordering the disclosure of such data.
Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as ordered respondent to disclose requested zip code data, and, as so modified, affirmed.



Footnotes

Footnote 1: We have held that "[w]hether or not [the] respondent provided [the] petitioner with a full written explanation at the administrative level is academic" where the respondent met its burden in the CPLR article 78 proceeding (Matter of Kaufman v New York State Dept. of Envtl. Conservation, 289 AD2d 826, 827 [2001] [internal citations omitted]; see Matter of Reclaim the Records v New York State Dept. of Health, 185 AD3d 1268, 1271 n 3 [2020]; Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d 1123, 1125 [2013]). Thus, we will focus on the last step.

Footnote 2: Respondent also relied upon an executive order that, with some exceptions not relevant here, prohibits state agencies from disclosing, among other things, state employees' home addresses (see Executive Order [Cuomo] No. 183 [9 NYCRR 8.183]). The exemption in Public Officers Law § 87 (2) (a) cannot rest on an executive order, as the exemption protects only records that are exempted by other statutes. In any event, reliance on the executive order would not produce a different result here.

Footnote 3: We make this finding without reference to the informal test briefly referenced during oral argument.

Footnote 4: Because Supreme Court did not engage in this balancing, we do so in the first instance.

Footnote 5: Although petitioner asserted at oral argument that this information could be used to verify whether public employees were complying with municipal residency requirements, the request sought data for only state employees, not any municipal employees.