Matter of Spence v New York State Dept. of Civ. Serv. (2024 NY Slip Op 00108)

Matter of Spence v New York State Dept. of Civ. Serv.

2024 NY Slip Op 00108

Decided on January 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 11, 2024

CV-22-1978
[*1]In the Matter of Wayne Spence, as President of the New York State Public Employees Federation, AFL-CIO, Appellant,
v
New York State Department of Civil Service et al., Respondents.

Calendar Date:November 13, 2023

Before:Lynch, J.P., Clark, Ceresia, Fisher and Mackey, JJ.

Edward J. Greene Jr., New York State Public Employees Federation, AFL-CIO, Albany (Jenifer M. Wharton of counsel), for appellant.
Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for respondents.

Fisher, J.
Appeal from a judgment of the Supreme Court (Keri E. Savona, J.), entered September 27, 2022 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Civil Service denying petitioner's Freedom of Information Law request.
In August 2021, a representative of the New York State Public Employees Federation, AFL-CIO (hereinafter PEF) filed a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request with respondent Department of Civil Service (hereinafter DCS) seeking, among other things, "the disposition of all applicants by ethnicity and gender, including but not limited to applicants who were approved, disapproved, failed, and passed" as it related to 12 specific civil service examinations. In fulfilling the request, respondent records access officer advised that certain records were withheld pursuant to Public Officers Law § 87 (2) (b) as disclosure would constitute an unwarranted invasion of personal privacy and, further, that any information regarding failing candidates on a civil service examination was barred by 4 NYCRR 71.3. Petitioner, as president of PEF, administratively appealed, arguing that the information requested was "solely summary data regarding the applicant pool as a whole, rather than personal information," and, therefore, disclosure would not constitute an unwarranted invasion of privacy. Respondent FOIL appeals officer disagreed, and issued a final determination holding that the denial of the requested records was proper, reasoning that "by combining these sources of readily available information, it would be simple to compare a list of employees in the relevant promotion field job titles with the names on the eligible lists," which could lead to disclosure of the identities of failing candidates. Petitioner commenced this CPLR article 78 proceeding seeking a judgment directing DCS to produce the records responsive to his FOIL request and for counsel fees. Respondents submitted an answer opposing the relief sought. Supreme Court dismissed the petition, finding that, based on the work PEF does and the information PEF already has access to, if provided the gender and ethnicity information of individuals who failed certain examinations, petitioner would be able to "greatly narrow" and ultimately identify such candidates in contravention of 4 NYCRR 71.3. Petitioner appeals.
We affirm. FOIL requires that an agency, "in accordance with its published rules, make available for public inspection and copying all records, except those records or portions thereof that" are statutorily exempt from disclosure (Public Officers Law § 87 [2]; see Matter of Broach & Stulberg, LLP v New York State Dept. of Labor, 195 AD3d 1133, 1134 [3d Dept 2021], lv denied 37 NY3d 914 [2021]). As relevant here, FOIL exempts from disclosure materials that, "if disclosed would constitute an unwarranted invasion of personal privacy" (Public [*2]Officers Law § 87 [2] [b]), and therefore allows an agency to withhold "records otherwise available . . . to prevent unwarranted invasions of personal privacy" (Public Officers Law § 89 [2] [a]). Within this context, "[a]n unwarranted invasion of personal privacy has been characterized as that which would be offensive and objectionable to a reasonable person of ordinary sensibilities" (Matter of Massaro v New York State Thruway Auth., 111 AD3d 1001, 1003 [3d Dept 2013] [internal quotation marks, brackets and citations omitted]). As it specifically relates to the publication of eligible lists by DCS, such "lists may be published with the standing of the persons named in them, but under no circumstance shall the names of persons who failed examinations be published . . . or any information given about them" (4 NYCRR 71.3 [emphasis added]). To that end, withholding or denying a request is proper "where the requested records, when combined with other readily available information, could identify or lead to the identification of information protected under a FOIL exemption" (Matter of Suhr v New York State Dept. of Civ. Serv., 193 AD3d 129, 136 [3d Dept 2021] [emphasis added; internal quotation marks, ellipsis and citation omitted], lv denied 37 NY3d 907 [2021]; see Matter of Hassig v New York State Dept. of Health, 294 AD2d 781, 783 [3d Dept 2002], lv denied 99 NY2d 502 [2002]). Although such FOIL "exemptions are to be narrowly construed to provide maximum access, and the agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption, exemptions must be given their natural and obvious meaning where such interpretation is consistent with the legislative intent and with the general purpose and manifest policy underlying FOIL" (Matter of Hutchinson v Annucci, 189 AD3d 1850, 1853 [3d Dept 2020] [internal quotation marks, brackets and citations omitted]).
Here, DCS's rules prohibit disclosing "any information" relating to candidates who failed certain examinations (4 NYCRR 71.3; see Public Officers Law § 87 [2]). Indeed, such disclosure would result in an unwarranted invasion of personal privacy, as a reasonable person of ordinary sensibilities would find the disclosure of their name tied to a failed civil service examination to be offensive and objectionable (see Matter of Massaro v New York State Thruway Auth., 111 AD3d at 1003; see Public Officers Law §§ 87 [2] [b]; 89 [2] [a]). Although it is true that petitioner's request did not specifically seek the names of the candidates, we agree with respondents that the addition of each failing candidate's gender and ethnicity — when combined with other readily available information that PEF has access to through resources both publicly and privately available — could identify or lead to the identification of such candidates and is therefore an "end-run around the statutory exemptions [that] cannot stand" (Matter of Suhr v New York State [*3]Dept. of Civ. Serv., 193 AD3d at 136; see Matter of Hepps v New York State Dept. of Health, 183 AD3d 283, 289 [3d Dept 2020], lv dismissed 37 NY3d 1001 [2021]; Matter of Hassig v New York State Dept. of Health, 294 AD2d at 783). Contrary to petitioner's contention, Supreme Court engaged in a sufficient evaluation "balancing the privacy interests at stake against the public interest in disclosure of the information" (Matter of Suhr v New York State Dept. of Civ. Serv., 193 AD3d at 134-135 [internal quotation marks and citations omitted]; see Matter of Massaro v New York State Thruway Auth., 111 AD3d at 1003). To hold otherwise would strike at the "natural and obvious meaning" of the FOIL exemption being challenged (Matter of Hutchinson v Annucci, 189 AD3d at 1853 [internal quotation marks and citation omitted]). As respondents met their burden of proving that the gender and ethnicity information of candidates who failed certain civil service examinations was exempt from disclosure under FOIL, Supreme Court properly dismissed the petition (Matter of Suhr v New York State Dept. of Civ. Serv., 193 AD3d at 137). Accordingly, we discern no basis upon which to disturb the denial of counsel fees.
Lynch, J.P., Clark, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.