OPINION OF THE COURT
Lawrence E. Kahn, J.
This CPLR article 78 proceeding seeks a judgment in the nature of mandamus, directing respondents to provide petitioner with a copy of the "Preliminary Draft Olean Well Field Remedial Investigation and Feasibility Study, Town and County of Olean, New York”, dated February 1985 (preliminary draft). The petitioner initially sought inspection of this document pursuant to a Freedom of Information Law request (FOIL) in relation to cleanup operations at an inactive chemical waste dump site.
Upon receipt of petitioner’s FOIL request, the Department of Environmental Conservation (ENCON) allowed access to voluminous records. One of the records included was the preliminary draft. Upon further investigation, respondents took the position that the preliminary draft was exempt from disclosure as an interagency document within the meaning of Public Officers Law §87 (2) (g). Ultimately, petitioner was provided with the statistical data contained in the preliminary draft, as well as the final remedial investigation and feasibility study (final draft).
The first issue which must be resolved is whether respondents’ inadvertent production of the preliminary draft pursuant to petitioner’s initial FOIL request operated as a waiver of any privilege which may have attached to the document. Petitioner would have this court adopt the view of several other jurisdictions wherein waivers have been found even in instances where production was inadvertent or unauthorized (see, Dresser Indus. Valve Operations v Equal Employment Opportunity Commn., 28 FEP Cases 1819 [WD La 1982]; see also, State of N. Dakota v Andrus, 581 F2d 177). Petitioner argues that this court should adopt the approach enunciated in Underwater Stor. v United States Rubber Co. (314 F Supp 546, 549), wherein the court refused to look beyond the production of the document itself "to determine whether the plaintiff really intended to have the letter examined.”
Notwithstanding the broad judicial interpretation which has been afforded to the Freedom of Information Law (see, Daily Gazette Co. v Town Bd., Town of Cobleskill, 111 Misc 2d 303), the Legislature has reserved the statutory discretion to refuse *1055 disclosure of agency records which fall within one of the specifically enumerated exemptions (Public Officers Law § 87 [2]). While there is a presumption of availability (Matter of Fink v Lefkowitz, 47 NY2d 567, 571), the issue still remains as to whether an exemption may be lost through inadvertence or mistake.
In this jurisdiction, waiver of a statutory privilege "has long been recognized as acceptable practice so long as it is done intelligently and voluntarily” (Matter of Abramovich v Board of Educ., 62 AD2d 252, 254). In New York, the principle that a waiver must be accompanied by the proper intent has been applied in a myriad of instances. While the exemptions to FOIL should be narrowly construed, nothing in the statutory scheme would indicate that the Legislature intended to adopt a different standard with respect to a waiver. Such an interpretation would be overly simplistic and, while more easily enforceable, would create the possibility for disclosure of sensitive or potentially harmful information without recourse. The Legislature, in enacting FOIL, attempted to strike a balance between the public’s right to know and the instances where nonaccess was necessary to ensure the basic free flow of ideas and a continuation of the decision-making process.
Although not specifically addressed, the issue of inadvertent disclosure was squarely present in the highly publicized recent litigation entitled Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen (126 Misc 2d 710, mod 113 AD2d 217). That case seeks disclosure of documents relating to the private and political activities of the late Erastus J. Corning, III, which have come to be known as the "Corning Papers”. Therein, "[a]fter initial access was granted, respondents rescinded consent to universal inspection, segregating much of the material in a parallel file not available for public access, upon various claims of exemptions.” (126 Misc 2d 710, 711, supra; emphasis supplied.)
Neither this court nor the Appellate Division attached any special significance to the initial inadvertent grant of access to the records. However, adoption of petitioner’s argument would mandate disclosure in that case, perhaps with substantial consequence, in an instance where it may be statutorily unjustified. The court shall decline petitioner’s invitation to adopt a restrictive view of the doctrine of waiver, as it applies to FOIL requests.
Finally, reviewing the submissions before the court, it is *1056 evident that those portions of the preliminary draft which have been withheld from petitioner fall within the exemption for predecisional intraagency communications which contain no final determinations, and do not affect the public welfare in the vitally critical area of cleanup of leaking inactive hazardous waste sites (see, Matter of Miracle Mile Assoc. v Yudelson, 68 AD2d 176).
The petition for a judgment mandating that respondent provide petitioner with an unredacted copy of the "Preliminary Draft Olean Well Field Remedial Investigation and Feasibility Study, Town and County of Olean, New York,” dated February 1985, shall be dismissed.