■ JACQUELINE SANCHEZ, an Infant, by Her Mother and Natural Guardian, LUDOVINA SANCHEZ, et al., Respondents, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant. ROBERT M. MORGENTHAU, as District Attorney of the County of New York, Nonparty Respondent. [607 NYS2d 321] —Orders, Supreme Court, New York County (Joan B. Lobis, J.), both entered October 3, 1991, which, inter alia, denied the motion of the New York City Housing Authority for production of certain records of the New York County District Attorney's office, unanimously affirmed, without costs.

The infant plaintiff commenced this action alleging that she was raped on the rooftop of her apartment building which was

owned and operated by defendant New York City Housing Authority. In response, the Housing Authority moved, *inter alia,* to compel the New York County District Attorney's office to provide it with the statements made by plaintiff in connection with the investigation of the rape. In support of this motion, it argued that the "[s]tatements of the infant plaintiff * * * in the District Attorney's file would be essential to the defense of this matter * * * since it is only possible to test the veracity of the statements of the infant plaintiff in the civil action by comparing them to other accounts she may have given." In a similar vein, it contended that disclosure was sought only "for the purpose of proving that the plaintiff * * * exaggerated the claim of rape and is attempting to perpetrate a fraud against the Housing Authority." This belief was based on the fact that plaintiff identified her assailant after she testified at a General Municipal Law § 50-h hearing that she was unable to do so.

It is settled that statements made by a witness to the District Attorney's office are protected by the public interest privilege *(see, Melendez v City of New York,* 109 AD2d 13, 21). This privilege exists to encourage witnesses to come forward and provide information in criminal investigations carried out by the District Attorney's office without fear that the information will be disclosed *(supra,* at 18). This Court has determined that the privilege is qualified and should be treated in the same manner as Grand Jury testimony for the purposes of disclosure, "requiring a balancing of the litigant's need for production against the potential harm to the public from such disclosure" *(supra,* at 21; *see also, People v Di Napoli,* 27 NY2d 229, 234-235). Accordingly, "one seeking disclosure first must demonstrate a compelling and particularized need for access" *(Matter of District Attorney of Suffolk County,* 58 NY2d 436, 444). General and conclusory allegations in support of an application for disclosure will not satisfy this threshold requirement. *(Roberson v City of New York,* 163 AD2d 291, 292, citing, *inter alia, Melendez v City of New York, supra).*

Under the circumstances, we find that the IAS Court properly found that the assertions by the Housing Authority were not sufficiently particularized or compelling to overcome the presumption of confidentiality.

We have reviewed defendant's other claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ross, Rubin and Tom, JJ.