■ In the Matter of MELVYN KAUFMAN, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. [734 NYS2d 694] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered April 26, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.

In 1995, respondent issued a permit for the reconstruction of an existing pier situate on property adjoining petitioner's property. Reconstruction of the pier was performed by a successive owner of the adjoining property after the 1995 permit authorizing the work expired. Petitioner is involved in litigation with his neighbor over the reconstruction of the pier. In September 2000, petitioner made a Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) request for records held by respondent pertaining to this reconstruction project generated after the 1995 permit was issued. Respondent provided petitioner with copies of a portion of the records that he requested, but denied access to a number of documents claiming that the documents were "inter-agency or intra-agency communications" and exempt from FOIL requests (Public Officers Law § 87 [2] [g]). After an administrative appeal (*see*, 6 NYCRR 616.28), additional documents, with "recommendations and expressions of opinion" redacted, were released. The Administrative Law Judge (hereinafter ALJ) who heard petitioner's appeal determined that the balance of the documents were exempt as intraagency materials which did not meet any of the standards for disclosure under Public Officers Law § 87 (2) (g) (i)-(iv).

Petitioner thereafter commenced this CPLR article 78 proceeding seeking, *inter alia*, a judgment from Supreme Court directing respondent to provide petitioner with complete access to all documents sought. All of the requested documents and a redacted portion* of the ALJ's affidavit submitted in answer to the petition were provided to Supreme Court for an in camera inspection resulting in the dismissal of the petition. This appeal followed and we now affirm.

While a full written explanation of the reasons for denying access to a record is required in an administrative appeal (*see*, Public Officers Law § 89 [4] [a]), the next step in the procedure for challenging an alleged inappropriate denial of access to records by an agency is a CPLR article 78 proceeding (*see*, Public Officers Law § 89 [4] [b]). The burden is on the agency in such a proceeding to demonstrate that the withheld material "falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (*Matter of Capital Newspapers v Burns*, 67 NY2d 562, 566). Whether or not respondent provided petitioner with a full written explanation at the administrative level (*see*, Public Officers Law § 89 [4] [a]; *Matter of Grune v New York State Dept. of Correctional Servs.*, 166 AD2d 834, 835-836) is academic, since it satisfied its burden in the CPLR article 78 proceeding by supplying all of the requested documents to Supreme Court for an in camera inspection, which is "[t]he proper procedure for reaching a determination" (*Matter of Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75, 83; *see, Matter of Fink v Lefkowitz*, 47 NY2d 567).

Upon our own in camera review of the documents, we agree with Supreme Court that respondent has demonstrated that the nature of the documents, or the redacted portions thereof, contained either opinions, recommendations or policy formulations and therefore fall within the narrowly construed exemption of "inter-agency or intra-agency materials" under Public Officers Law § 87 (2) (g) (*see, Matter of Mitzner v Sobol*, 173 AD2d 1064; *Matter of Grune v New York State Dept. of Correctional Servs., supra*). Additionally, although it has been recognized that the purpose of exemptions from disclosure under FOIL is to " 'protect the deliberative process of the government by ensuring that persons in an advisory role would be able to express their opinions freely to agency decision makers' " (*Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131, 132, quoting *Matter of Sea Crest Constr. Corp. v Stubing*, 82

---

* This portion of the ALJ's affidavit, redacted from the copy served on petitioner, set forth, *inter alia*, the ALJ's reasons for nondisclosure.

AD2d 546, 549), this has never been understood to mean that an exemption from FOIL is only available when an agency in fact takes, or contemplates taking, action.

In *Xerox*, the Court of Appeals stated unequivocally that "FOIL protects against disclosure of predecisional memoranda or other nonfinal recommendations, whether or not action is taken" and the "fact that respondent[ ] ultimately took no action does not divest the reports of their quality as 'intra-agency materials'" (*Matter of Xerox Corp. v Town of Webster, supra*, at 133). Accordingly, we find no merit in petitioner's argument that the requested post-1995 materials cannot be exempt because the "deliberative process" that resulted in the issuance of the reconstruction permit ended in 1995.

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.