(January 15, 2004)

■ In the Matter of Hector Chebere, Appellant, v Robert T. Johnson et al., Respondents. [770 NYS2d 357]—

Order, Supreme Court, New York County (Norma Ruiz, J.), entered on or about August 26, 2002, which denied petitioner's application pursuant to CPLR article 78 for an order compelling respondents to disclose certain materials under article 6 of the Public Officers Law, also known as the Freedom of Information Law (FOIL), unanimously reversed, on the law, without costs, and the matter remanded for an in camera inspection of the requested documents to determine whether respondents assert applicable FOIL exemptions.

Petitioner, serving a lengthy incarceration upon conviction after trial, seeks respondent prosecutor's interview notes containing a witness's statements made prior to his testimony at the trial. After almost two years of delay, respondents finally declined to provide said documents, citing as grounds the FOIL statutory exemption for endangerment of life and safety (Public Officers Law § 87 [2] [f]) and the public interest privilege, which protects statements made by a witness to prosecutors (*Matter of Kassebaum v Morgenthau*, 270 AD2d 71 [2000], *lv denied* 95 NY2d 756 [2000]; *Sanchez v City of New York*, 201 AD2d 325 [1994]).

Although petitioner has not shown " 'a compelling and particularized need for access' " (*Sanchez*, 201 AD2d at 326, quoting *Matter of District Attorney of Suffolk County*, 58 NY2d 436, 444 [1983]), he has shown that many of the documents sought had been provided to his trial counsel, who claims that he no longer possesses them (*see Kassebaum*, 270 AD2d 71 [2000]; *Matter of Huston v Turkel*, 236 AD2d 283 [1997], *lv denied* 90 NY2d 809 [1997]). Moreover, respondent has failed to show how providing the documents to petitioner would additionally endanger the witness, whose identity was known at all times by petitioner and his codefendants, who are also serving lengthy sentences. Given these circumstances, this matter should be remanded for an in camera inspection of the documents and a determination as to whether respondents properly denied petitioner's request (*see Matter of Johnson v New York City Police Dept.*, 257 AD2d 343, 349 [1999], *lv dismissed* 94 NY2d 791 [1999]; *Matter of Fink v Lefkowitz*, 47 NY2d 567, 571 [1979]). Concur—Buckley, P.J., Tom, Ellerin and Williams, JJ.