■ In the Matter of RICHARD J. MILLER, JR., Appellant, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. [871 NYS2d 489]—

Stein, J. Appeal from a judgment of the Supreme Court (Cahill, J.), entered March 17, 2008 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondents partially denying petitioner's Freedom of Information Law requests.

Petitioner made a Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) request for over 30 categories of documents relating to the repair of State Route 23A in

the Town of Hunter, Greene County. The FOIL requests were directed to both respondents, the New York State Department of Transportation (hereinafter DOT) and the New York State Office of the State Comptroller (hereinafter OSC). DOT informed petitioner that there were approximately 11,000 responsive documents and that he could inspect and copy the requested documents at the two locations where they were kept.

During the ensuing inspections approximately three months later, petitioner was verbally informed for the first time that DOT was withholding approximately 800 documents pursuant to FOIL's interagency and intraagency exemption (and, shortly thereafter, was formally notified of such in a letter from DOT). Upon petitioner's administrative appeal, DOT affirmed the determination to withhold the documents on the basis that they "reflect group and individual thinking as part of the process of working out issues surrounding the project." Similarly, OSC informed petitioner that there was one CD and 75 printed pages of responsive documents, of which one memo and 22 e-mails were being withheld pursuant to FOIL's interagency and intraagency exemption. Upon petitioner's administrative appeal to that agency, OSC affirmed the determination to withhold the documents, finding that they were exempt because they were of a "deliberative" nature.

Petitioner commenced this CPLR article 78 proceeding to challenge the administrative determinations of DOT and OSC. Supreme Court dismissed the petition in its entirety with one limited exception not at issue here. Petitioner now appeals. Because we find that additional documents were improperly withheld, we modify Supreme Court's judgment.

FOIL was enacted "[t]o promote open government and public accountability" and "imposes a broad duty on government to make its records available to the public" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274 [1996]; *see* Public Officers Law § 84; *Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690, 697 [1993]; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 565-566 [1986]; *Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75, 79 [1984]). Accordingly, government records are presumptively open to inspection and copying by the public unless they come within one of the narrowly construed exemptions of Public Officers Law § 87 (2) (*see Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462-463 [2007]; *Matter of Gould v New York City Police Dept.*, 89 NY2d at 274-275; *Matter of City of Schenectady v O'Keeffe*, 50 AD3d 1384, 1386 [2008], *lv denied* 11 NY3d 702 [2008]).

Preliminarily, we reject petitioner's contention that DOT waived its right to claim any FOIL exemptions when DOT informed petitioner that all of the documents were available for inspection and copying, without mentioning that any exemptions would be claimed. Even when documents are inadvertently disclosed, the agency's right to claim an exemption is not waived by such disclosure (*see Matter of Scaccia v New York State Div. of State Police*, 138 AD2d 50, 53 [1988]; *McGraw-Edison Co. v Williams*, 133 Misc 2d 1053, 1055 [1986]). Thus, we find that DOT's statement indicating an intent to disclose documents did not constitute a waiver of its right to claim that some of those documents were exempt from disclosure.

To the extent that petitioner argues that DOT waived its right to claim an exemption by not responding to the FOIL request in a timely manner, we are also unpersuaded. DOT acknowledged petitioner's request within the required five days (*see* Public Officers Law § 89 [3] [a]; *Matter of Data Tree, LLC v Romaine*, 9 NY3d at 460). However, the request resulted in approximately 11,000 responsive documents, many of which were still being used for the ongoing construction project at the time the request was made. Under these circumstances, the three months that passed before petitioner had an opportunity to inspect the documents, and DOT was able to discover that some of them were exempt from disclosure, was not excessive (*see Matter of Data Tree, LLC v Romaine*, 9 NY3d at 465). However, even if DOT's response was untimely, petitioner's remedy was to deem his request denied and commence a CPLR article 78 proceeding to review the denial (*see* Public Officers Law § 89 [4] [a], [b]; *Matter of Kaufman v New York State Dept. of Envtl. Conservation*, 289 AD2d 826, 827 [2001]; *Matter of Goyer v New York State Dept. of Envtl. Conservation*, 12 Misc 3d 261, 265-266 [2005]) as, indeed, he has done.

Nor do we find merit to petitioner's contention that respondents failed to sufficiently identify the documents that were withheld and to justify withholding them. While it is true that respondents have the burden of establishing that the records fall squarely within an exemption by providing a particularized and specific justification (*see Matter of Markowitz v Serio*, 11 NY3d 43, 50-51 [2008]; *Matter of Data Tree, LLC v Romaine*, 9 NY3d at 462-463; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d at 566; *Matter of Fink v Lefkowitz*, 47 NY2d 567, 571 [1979]; *Matter of Kaufman v New York State Dept. of Envtl. Conservation*, 289 AD2d at 827), a proper procedure for meeting this burden is to submit the records in question for in camera inspection by the court (*see Matter of Gould v*

*New York City Police Dept.*, 89 NY2d at 275; *Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131, 133 [1985]; *Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d at 83).

Here, respondents complied with their obligations inasmuch as both administrative determinations adequately described the documents withheld and set forth the reasons for withholding them (*see Matter of Kaufman v New York State Dept. of Envtl. Conservation*, 289 AD2d at 827). Additionally, respondents provided the records in question to Supreme Court for its review and determination as to whether they were properly withheld (*see id.*). Nonetheless, we disagree with Supreme Court's conclusion that all but one document fell within the exemption for interagency and intraagency materials.[1]

The interagency and intraagency exemption applies to records that are deliberative, "i.e., communications exchanged for discussion purposes not constituting final policy decisions" (*Matter of Russo v Nassau County Community Coll.*, 81 NY2d at 699; *see* Public Officers Law § 87 [2] [g]; *Matter of Xerox Corp. v Town of Webster*, 65 NY2d at 132). The purpose of this exemption is to "permit people within an agency to exchange opinions, advice and criticism freely and frankly, without the chilling prospect of public disclosure" (*Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 488 [2005]; *see Matter of Gould v New York City Police Dept.*, 89 NY2d at 276; *Matter of Xerox Corp. v Town of Webster*, 65 NY2d at 132; *Matter of Morgan v New York State Dept. of Envtl. Conservation*, 9 AD3d 586, 587 [2004]). Records prepared by outside consultants retained by agencies may fall within the exemption (*see Matter of Xerox Corp. v Town of Webster*, 65 NY2d at 133). Records are not divested of their exempt status because the agency does not actually take, or contemplate taking, action based upon the information contained therein (*see id.*; *Matter of Kaufman v New York State Dept. of Envtl. Conservation*, 289 AD2d at 828).

Upon our review of the documents here, we find that DOT documents 26, 27, 32, 36, 81, 82, 191, 192, 195, 196, 449, 478, 487, 488, 624 and 690 and OSC documents 19 and 20[2] —which consist of communications with people outside the agency, press releases, blank pages, and a Department of State entity infor-

---

1. While this appeal was pending, DOT voluntarily disclosed DOT documents 28-31, 133, 134, 330, 333, 466-468, 483, 484, 553, 554 and 740-743 (these numbers refer to the consecutively numbered PDF document found on DOT's CD). Therefore, we need not address those documents.

2. These numbers refer to the handwritten, circled numbers found at the lower right hand corner of each page within OSC's file.

mation form—contain information that does not fall under the interagency and intraagency exemption and should have been disclosed. However, of those documents, the following also contain material that is protected by the exemption and/or consists of personal information not subject to disclosure which should, therefore, be redacted prior to disclosure (*see Matter of Data Tree, LLC v Romaine*, 9 NY3d at 463-464; *Matter of Xerox Corp. v Town of Webster*, 65 NY2d at 133)—DOT documents 26, 81, 191, 195, 487, 624 and 690 and OSC document 19.

Furthermore, there are four exceptions to the rule exempting interagency or intraagency materials from disclosure (*see* Public Officers Law § 87 [2] [g] [i]-[iv]; *see also Matter of Gould v New York City Police Dept.*, 89 NY2d at 276). As relevant here, one exception applies to statistical or factual tabulations or data (*see* Public Officers Law § 87 [2] [g] [i]), consisting of "objective information," rather than "opinions, ideas, or advice exchanged as part of the consultative or deliberative process of government decision making" (*Matter of Gould v New York City Police Dept.*, 89 NY2d at 277; *see Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d at 487-488). We find that DOT documents 1-5, 35, 66, 76-79, 100-103, 107, 113, 114, 159, 160, 162, 163, 235, 392, 570, 594-599, 602, 603, 658, 678 and 679 contain statistical or factual tabulations or data that must be disclosed. However, of those documents, the following also contain material that is not subject to disclosure under this exception that should be redacted prior to disclosure: DOT documents 76, 77, 100, 101, 107, 159, 160, 235, 392, 570, 594, 595, 602, 603, 658 and 678.

A second exception to the interagency/intraagency exemption applies to instructions to staff that affect the public (*see* Public Officers Law § 87 [2] [g] [ii]). DOT documents 219, 220, 634 and 739 fall within that exception and must be disclosed. However, of those documents, the following also contain material that is not subject to disclosure under this exception that should be redacted prior to disclosure: DOT documents 219, 220 and 634.

Nevertheless, since we find that respondents had a rational basis for their belief that the majority of the documents withheld were exempt from disclosure, Supreme Court's failure to award counsel fees to petitioner was not improper (*see* Public Officers Law § 89 [4] [c] [i]).

Mercure, J.P., Rose and Kane, JJ., concur; Spain, J., not taking part.

Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as dismissed petitioner's application with respect to the specific documents

referenced herein; petition granted to said extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.