■ In the Matter of BASS PRO, INC., et al., Appellants, v ROBERT L. MEGNA, as Commissioner of Taxation and Finance, Respondent. (Proceeding No. 1.) In the Matter of BPS CATALOG, L.P., et al., Appellants, v ROBERT L. MEGNA, as Commissioner of Taxation and Finance, Respondent. (Proceeding No. 2.) [892 NYS2d 642]—

Peters, J.P.

Petitioners each made a Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) request for any and all documents reviewed, analyzed or prepared by the Department of Taxation and Finance in connection with its investigation of petitioners and ultimate decision to conduct a sales tax audit. The Department provided over 750 pages of responsive documents, but denied access to 91 pages based upon various FOIL exemptions.* Following an unsuccessful administrative appeal, petitioners commenced these CPLR article 78 proceedings seeking disclosure of the withheld documents. Along with its answer, respondent submitted the affidavit of the Department's employee who initially responded to petitioners' FOIL requests and provided the undisclosed documents to Supreme Court for in camera inspection. In a single decision and order disposing of both petitions, Supreme Court found

---

* Although the Department denied access to 32 additional pages, these documents were later released to petitioners and are not at issue in this appeal.

that most of the withheld documents were exempt from disclosure under FOIL, but ordered disclosure of 12 pages of material, as redacted. Petitioners now appeal.

Petitioners contend that both the Department and respondent failed to sufficiently identify the documents that were withheld and to provide a particularized and specific justification for withholding them. They further assert that respondent's submission of the withheld documents for in camera review by Supreme Court was insufficient to satisfy its burden in this regard. We do not agree.

In an administrative appeal of an agency's denial of access to records, the agency is required to provide "a full written explanation of the reasons for denying access to a record" (*Matter of Kaufman v New York State Dept. of Envtl. Conservation*, 289 AD2d 826, 827 [2001]; *see* Public Officers Law § 89 [4] [a]). Here, the Department complied with its obligations insofar as its administrative determinations provided a sufficient description of the withheld documents and set forth the reasons for denying access to them (*see Matter of Miller v New York State Dept. of Transp.*, 58 AD3d 981, 982 [2009], *lv denied* 12 NY3d 712 [2009]). In the context of a CPLR article 78 proceeding challenging an agency's denial of access, the burden is on the agency to demonstrate that the withheld material " 'falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access' " (*Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462-463 [2007], quoting *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]; *accord Matter of Markowitz v Serio*, 11 NY3d 43, 50-51 [2008]; *see Matter of Miller v New York State Dept. of Transp.*, 58 AD3d at 983). Contrary to petitioners' assertion, respondent articulated a basis for the denial, rather than merely repeating the statutory language of the claimed exemptions. Under these circumstances, "a proper procedure for meeting this burden [was] to submit the records in question for in camera inspection by the court" (*Matter of Miller v New York State Dept. of Transp.*, 58 AD3d at 983; *see Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 275 [1996]; *Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75, 83 [1984]; *Matter of Kaufman v New York State Dept. of Envtl. Conservation*, 289 AD2d at 827).

Petitioners also challenge Supreme Court's determination that certain documents were properly withheld under the statutory exemption for intra-agency materials (*see* Public Officers Law § 87 [2] [g]). The inter-agency and intra-agency exemption applies to "deliberative materials or 'communications exchanged

for discussion purposes not constituting final policy decisions' " (*Matter of Mingo v New York State Div. of Parole*, 244 AD2d 781, 782 [1997], quoting *Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690, 699 [1993]; *see Matter of Miller v New York State Dept. of Transp.*, 58 AD3d at 984). Upon our in camera inspection of these documents, we conclude that they fall squarely within this exemption as predecisional, nonfinal discussions and recommendations by employees within the agency used to assist the decision makers in formulating a determination (*see Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131, 132-133 [1985]; *Matter of Stein v New York State Dept. of Transp.*, 25 AD3d 846, 847-848 [2006]).

Finally, petitioners failed to previously raise, either on administrative appeal or before Supreme Court, their current argument that the Department failed to properly certify that it has no other materials in its possession that would be responsive to petitioners' requests or that it had performed a diligent search that yielded no other responsive documents (*see* Public Officers Law § 89 [3] [a]). As such, this issue is not properly before us (*see Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]; *Matter of Brown v Goord*, 45 AD3d 930, 933 [2007], *lv dismissed* 10 NY3d 796 [2008]; *Matter of Terminix Intl. Co. v Assistant Commr. for Hearings & Mediation Servs. for N.Y. State Dept. of Envtl. Conservation*, 301 AD2d 810, 812 [2003]).

Rose, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.