■ In the Matter of VINCENT MAZZONE, Appellant, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION, Respondent. [943 NYS2d 648]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Melkonian, J.), entered August 25, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.

In March 2010, petitioner filed a Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) request with respondent seeking documents involving a reconstruction and bridge replacement project on Route 59 in the Town of Clarkstown, Rockland County. After petitioner was provided with some of the documents he requested, respondent's record access officer sent him a letter on April 9, 2010 stating that this "completes the response to the request pertaining to records which reside [in the City of Albany]," and further advised petitioner that there would be a separate response to his FOIL request regarding records kept at respondent's office in the City of Poughkeepsie, Dutchess County. A follow-up letter was sent to petitioner, advising him that certain records were being withheld pursuant to Public Officers Law § 87 (2) (a) and (g), and informed him how he could appeal that determination. Petitioner then filed an administrative appeal, which was denied in May 2010.

Prior to respondent issuing its decision regarding the documents petitioner requested that were located in respondent's Poughkeepsie office, its record access officer at that facility informed petitioner that some of the records he requested were available for inspection while others would be made available to him in the future. Petitioner examined these records at

respondent's Poughkeepsie office and asked for copies of some of them. When petitioner did not receive these copies, he inquired as to the status of this request and, when the documents were not then provided, he filed a CPLR article 78 proceeding seeking their disclosure, as well as disclosure of those records that were withheld by respondent's Albany office. While that petition was pending, respondent, on September 23, 2010, advised petitioner that he would be provided with some of the documents that he had reviewed at the Poughkeepsie office, but that some would be withheld even though he had already seen them because they were exempt from disclosure pursuant to Public Officers Law § 87 (2) (g).

In January 2011, Supreme Court (Platkin, J.) issued a decision in connection with petitioner's CPLR article 78 proceeding. In it, the court did not decide whether the records that respondent withheld were exempt from disclosure, but instead remanded the matter to respondent to provide petitioner with "a single final agency determination with response to any records to which access is denied" (see Public Officers Law § 89 [3] [a]; [4] [a]). In March 2011, respondent provided petitioner with additional records and, pursuant to the court's order, issued one determination dated March 17, 2011 that addressed petitioner's entire FOIL request. In it, respondent declared that some of the records that petitioner requested—including a number that had already been made available to him for inspection—were exempt from disclosure pursuant to Public Officers Law § 87 (2) (a) and (g) and, as a result, would not be provided to him.

In response to this determination, petitioner commenced this CPLR article 78 proceeding challenging respondent's determination to withhold certain records and sought counsel fees, claiming, in part, that respondent waived any argument as to the disclosure of any documents it had previously made available to him. Supreme Court (Melkonian, J.) rejected that argument and, after examining the materials in camera, found that they were exempt from disclosure pursuant to Public Officers Law § 87 (2), and denied petitioner's request for counsel fees. Petitioner now appeals.

We do not agree with petitioner that respondent waived its right to claim that these documents were exempt from disclosure simply because it had previously made them available to him for inspection. Respondent claims that this disclosure was inadvertent, and notes that petitioner was allowed to inspect these documents before it had issued a determination on his FOIL request regarding the documents stored at its Poughkeepsie facility. In such a circumstance, "when documents are inadvert-

ently disclosed, the agency's right to claim an exemption is not waived by such disclosure" (*Matter of Miller v New York State Dept. of Transp.*, 58 AD3d 981, 983 [2009], *lv denied* 12 NY3d 712 [2009]).

Next, petitioner claims that it was respondent's burden to establish that these documents were exempt from disclosure, and that this burden was not satisfied by simply submitting these materials to Supreme Court for an in camera inspection. When an agency claims that a record is exempt from disclosure, it must establish "that the material requested falls squarely within the ambit of one of these statutory exemptions" (*Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 18 NY3d 652, 657 [2012] [internal quotation marks and citations omitted]; *see Matter of Markowitz v Serio*, 11 NY3d 43, 50-51 [2008]; *Matter of Hearst Corp. v City of Albany*, 88 AD3d 1130, 1133 [2011]). An agency is required to provide " 'a full written explanation of the reasons for denying access to a record' " (*Matter of Bass Pro, Inc. v Megna*, 69 AD3d 1040, 1041 [2010], quoting *Matter of Kaufman v New York State Dept. of Envtl. Conservation*, 289 AD2d 826, 827 [2001]; *see* Public Officers Law § 89 [4] [a]), and may satisfy its burden by submitting " 'the records in question for in camera inspection by the court' " (*Matter of Bass Pro, Inc. v Megna*, 69 AD3d at 1041, quoting *Matter of Miller v New York State Dept. of Transp.*, 58 AD3d at 983).

Here, in addition to making some records in question available for such an inspection, respondent provided petitioner with a decision dated March 17, 2011 in which it stated that certain documents were being withheld because they involve privileged communication between the agency staff and counsel or were inter-agency or intra-agency e-mails and memoranda that contained opinions, advice and recommendations integral to respondent's deliberative process (*see* Public Officers Law § 87 [2] [a], [g]; CPLR 3101 [b]; 4503 [a] [1]; *Matter of Bass Pro, Inc. v Megna*, 69 AD3d at 1041-1042). Moreover, while respondent's efforts in compiling these documents and making them available to Supreme Court in an intelligible form for its in camera inspection left much to be desired,[1] we agree for the most part with Supreme Court that the materials submitted were in fact exempt from disclosure (*see Matter of Bass Pro, Inc. v Megna*, 69 AD3d at 1041-1042; *Matter of Miller v New York State Dept.*

---

1. Respondent submitted to Supreme Court a voluminous set of e-mails and memoranda that were neither paginated nor otherwise segregated into any identifiable group. An index or list was not provided with the exhibit and no effort was made to collate these materials to facilitate the court's review.

*of Transp.*, 58 AD3d at 984; *Matter of Marino v Pataki*, 55 AD3d 1171, 1172-1173 [2008]). In that regard, the memoranda entitled "Weekly Tailgate Safety Talks" and accompanying e-mail are not records that are germane to respondent's decision-making process or reflect opinions or evaluations related to the construction of this project.[2] As such, these particular documents were not exempt from disclosure and must be disclosed.

Petitioner also argues that Supreme Court erred in failing to award counsel fees. A court may award such fees where the party seeking disclosure has "substantially prevailed" in the proceeding and the agency did not have a "reasonable basis for denying access" to the records in question (Public Officers Law § 89 [4] [c]; *see Matter of Capital Newspapers Div. of Hearst Corp. v City of Albany*, 63 AD3d 1336, 1339 [2009], *mod* 15 NY3d 759 [2010]). As petitioner did not substantially prevail in his efforts to obtain disclosure of these documents and, given their content, respondent did not arbitrarily arrive at its decision not to disclose them, Supreme Court's decision denying him counsel fees did not constitute an abuse of its discretion (*see Matter of Carnevale v City of Albany*, 68 AD3d 1290, 1293 [2009]; *compare Matter of New York State Defenders Assn. v New York State Police*, 87 AD3d 193 [2011]; *Matter of New York Civ. Liberties Union v City of Saratoga Springs*, 87 AD3d 336, 337 [2011]).[3]

Peters, P.J., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by requiring respondent to disclose to petitioner three pages that consist of an e-mail dated January 21, 2010 from "ccloutier" to "R08-Construction EIC" with attached two-page memorandum dated January 21, 2010 entitled "Weekly Tailgate Safety Talk," and, as so modified, affirmed.

---

**2.** Specifically, respondent is required to disclose three pages that consist of an e-mail dated January 21, 2010 from "ccloutier" to "R08-Construction EIC" with attached two-page memorandum dated January 21, 2010 entitled "Weekly Tailgate Safety Talk."

**3.** We note that petitioner does not deny that he did not seek counsel fees in the first CPLR article 78 proceeding that he initiated in connection with his efforts to obtain disclosure of these records.