*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 14, 2016                 521999
_____

In the Matter of NAKIA ROSE,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

ALBANY COUNTY DISTRICT
    ATTORNEY'S OFFICE,
                    Respondent.
_____

Calendar Date:  May 24, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Clark and Mulvey, JJ.

_____


        Law Office of Joel B. Rudin, New York City (Steven R. Aquino of counsel), for appellant.

        Daniel Lynch, County Attorney, Albany (Tracy Murphy of counsel), for respondent.

_____


McCarthy, J.

        Appeal from that part of an order and judgment of the Supreme Court (Walsh, J.), entered May 1, 2015 in Albany County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.

        The facts of this case are more fully discussed in a previous decision by this Court (111 AD3d 1123 [2013]). Petitioner was convicted of numerous crimes in connection with a drug-related shooting and robbery in the City of Albany (People v Rose, 72 AD3d 1341 [2010], lv dismissed 16 NY3d 745 [2011]), and he thereafter submitted a request to respondent pursuant to the

Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) seeking disclosure of 29 categories of documents relating to the criminal investigation that led to his conviction. Respondent denied the request for the documents, and petitioner then initiated this CPLR article 78 proceeding. Although petitioner thereafter received some of the requested documents, Supreme Court (Devine, J.) upheld the denial of other documents. In addressing petitioner's subsequent appeal, this Court held, among other things, that remittal was necessary for an in camera inspection of the documents with regard to two of the categories of documents that petitioner had requested, specifically petitioner's request numbers 13 and 21 (111 AD3d at 1126-1127). Petitioner's request number 13 sought "[a]ll notes, memos, teletypes, letters, records, and other communications to/from the State police, Albany police, Albany Dept. of Public Safety, or federal authorities regarding [petitioner] and/or the investigation underlying the charges against him," while his request number 21 sought "[a]ll letters or communications written by any employee of [respondent], or on its behalf, to any governmental agency or private entity concerning any prosecution witness, including but not limited to letters and communications to the Division of Parole, Probation Department, Human Resources Administration, NYC Housing Authority, Department of Homeland Security, and Immigration."

On remittal, Supreme Court (Walsh, J.) conducted a comprehensive in camera inspection of all 257 documents provided by respondent. Along with providing a detailed description of each document and the basis for the disclosure or nondisclosure of each of the 257 documents, the court concluded that 32 of the documents were subject to disclosure in redacted form and enclosed them with the order. The court dismissed the petition with regard to the remaining documents and also denied petitioner's request for counsel fees.[1] Petitioner appeals.

---

[1] A court's determination that does not address specific relief requested by a party is equivalent to a denial of that relief (see Klansky v Weiden Lake Prop. Owners Assn., Inc., 127 AD3d 1439, 1440-1441 [2015]; Hess v Wojcik-Hess, 86 AD3d 847, 848 n 1 [2011], lv denied 18 NY3d 805 [2012]). Accordingly, by not

     Initially, we reject petitioner's contention that he is entitled to disclosure of all of the documents due to an alleged failure by Supreme Court to provide sufficient factual explanation for its determination as to each document. As is well established, petitioner's entitlement to the documents depends upon whether respondent does or does not meet its burden of establishing that the documents fall within an exemption to FOIL disclosure (see Matter of Gould v New York City Police Dept., 89 NY2d 267, 275 [1996]; Matter of Columbia-Greene Beauty Sch., Inc. v City of Albany, 121 AD3d 1369, 1370 [2014]; Matter of Miller v New York State Dept. of Transp., 58 AD3d 981, 983 [2009], lv denied 12 NY3d 712 [2009]), and petitioner's entitlement to documents is not dependent on the specificity of a trial court's written findings.

     Further, we find that Supreme Court properly limited its scope of review in accordance with this Court's unambiguous directive that the scope of remittal was limited to addressing whether or not documents responsive to petitioner's request number 13 or 21 were exempt from disclosure (111 AD3d at 1126-1127). Accordingly, the court acted properly in declining to consider the propriety of disclosing documents that were not responsive to petitioner's request number 13 or 21. Having reviewed documents 22, 26-28, 32, 35, 41, 44-47, 52-54, 58, 65, 66, 92, 96, 100, 101, 104, 107, 108, 112-114, 137, 141, 154, 172, 174, 202, 212-240, 242-248 and 252-257, we agree with the court that they are not responsive to petitioner's request number 13 or 21.

     Next, pursuant to Public Officers Law § 87 (2) (g), inter- or intra-agency materials are exempted from FOIL disclosure to the extent that they do not contain "(i) statistical or factual tabulations or data; (ii) instructions to staff that affect the public; [or] (iii) final agency policy or determinations." The exemption for inter- or intra-agency materials "applies to 'opinions, ideas, or advice exchanged as part of the consultative or deliberative process of government decision making'" (Matter

expressly addressing petitioner's request for counsel fees, Supreme Court denied that request.

of Smith v New York State Off. of the Attorney Gen., 116 AD3d 1209, 1210 [2014], lv denied 24 NY3d 912 [2014], quoting Matter of Gould v New York City Police Dept., 89 NY2d at 277). We agree with Supreme Court that respondent met its burden of establishing that documents 1, 2, 8-10, 13-15, 17, 18, 21, 23, 24, 29, 31, 34, 36-40, 43, 48, 51, 55-57, 63, 64, 67, 68, 72, 73, 78, 80-82, 87-90, 95, 97-99, 105, 106, 110, 111, 116, 118, 120, 127, 131-133, 135, 136, 138-140, 142, 147, 153, 155-157, 160-166, 171, 173, 175, 176, 180, 182, 184, 187-190, 193-195, 197-201, 205, 207-210, 241 and 251 are exempted inter- or intra-agency materials.

However, Supreme Court should have directed the disclosure of documents 19, 20 and 249. A court is limited to considering only those exemptions to disclosure that are invoked by the party from whom disclosure is sought (see Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 593 [1982]; Matter of Karimzada v O'Mara, 111 AD3d 1088, 1089 [2013]). Accordingly, the court should not have relied on a justification for withholding documents 19 and 20 that was not raised by respondent. Further, as to the remaining justification for withholding those two documents, the safety exemption (see Public Officers Law § 87 [2] [f]) does not justify withholding documents 19 and 20 entirely rather than disclosing them subject to appropriate redactions;[2] both documents are directed at an entity — a hospital — and they generally pertain to the production of business records. Likewise, document 249, which the court withheld solely on the basis of the safety exemption, is not entirely exempt from disclosure on that basis. Document 249 is a letter from respondent in response to an individual's inquiry regarding whether he or she would receive $1,000 from respondent in exchange for his or her testimony. Respondent informed the individual that it does not have a policy of providing such rewards. Neither respondent's policy in that regard nor its response to the inquiry regarding a reward contains identifying information related to a witness. Accordingly, we remit for the

_____

[2] Petitioner does not contest Supreme Court's conclusion that all documents subject to disclosure are nonetheless subject to redaction consistent with the safety exemption in regard to witnesses involved in petitioner's prosecution.

limited purpose of redacting documents 19, 20 and 249 to remove identifying details regarding witnesses before releasing those documents to petitioner (see generally Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 464 [2007]; Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse, 65 NY2d 294, 298-299 [1985]; Matter of Applegate v Fischer, 89 AD3d 1303, 1304 [2011]; Matter of Miller v New York State Dept. of Transp., 58 AD3d at 985; Matter of Laporte v Morgenthau, 11 AD3d 410, 410 [2004]).[3]

Finally, Supreme Court did not abuse its discretion in declining to award petitioner counsel fees, even in light of the additional relief that it afforded petitioner (see Matter of Miller v New York State Dept. of Transp., 58 AD3d at 985; Matter of Henry Schein, Inc., v Eristoff, 35 AD3d 1124, 1126 [2006]). Further, although this Court is modifying Supreme Court's determinations as to three additional documents found to be subject to disclosure, upon consideration of the extent of that additional relief in relationship to the scope of petitioner's CPLR article 78 proceeding as a whole, we find remittal for that court's reassessment of its denial of petitioner's request for counsel fees is unwarranted. Accordingly, exercising our own discretionary power (see generally Small v Lorillard Tobacco Co., 94 NY2d 43, 53 [1999]), we find that petitioner has not substantially prevailed and is therefore not entitled to counsel fees (see generally Matter of Henry Schein, Inc., v Eristoff, 35 AD3d at 1125-1126). Petitioner's remaining arguments are either academic or without merit.

Lahtinen, J.P., Garry, Clark and Mulvey, JJ., concur.

---

[3] As to the remaining undisclosed documents, petitioner leaves unchallenged at least one independent basis that Supreme Court relied upon for withholding each document. Accordingly, any of petitioner's arguments that pertain to these documents are academic.

ORDERED that the order and judgment is modified, on the law, without costs, by reversing so much thereof as found documents 19, 20 and 249 entirely exempt from disclosure; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court