Matter of Tuckahoe Common Sch. Dist. v Town of Southampton (2020 NY Slip Op 00418)





Matter of Tuckahoe Common Sch. Dist. v Town of Southampton


2020 NY Slip Op 00418


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2017-08645
 (Index No. 24111/14)

[*1]In the Matter of Tuckahoe Common School District, et al., appellants, 
v
Town of Southampton, et al., respondents.


Law Offices of Stanley E. Orzechowski, P.C., East Northport, NY, for appellants.
James M. Burke, Town Attorney, Southampton, NY (Martha Reichert of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of Tiffany Scarlato, as Town Attorney of the Town of Southampton, dated October 24, 2014, and for an award of an attorney's fee and litigation costs, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated October 17, 2016. The judgment, insofar as appealed from, denied those branches of the petition which were to annul, rescind, and set aside the respondents' denial of certain aspects of the petitioners' June 3, 2014, Freedom of Information Law request on the grounds that the Town's response was untimely or that the Town waived its right to claim certain portions of documents were exempt from disclosure, denied that branch of the petition which was for an award of an attorney's fee and litigation costs, and, in effect, dismissed those portions of the proceeding.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
On June 3, 2014, the petitioners made a request to the Town of Southampton pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) seeking documents and records concerning tax assessment relief sought and obtained by four privately owned golf courses within the Tuckahoe Common School District boundaries. The Town, by Assistant Town Attorney Kathryn Santiago, provided a written acknowledgment of the petitioners' FOIL request within five business days of its receipt, as required pursuant to Public Officers Law § 89(3)(a). Upon determining that more time would be required to secure the documents, review them, and produce them, Santiago informed the petitioners by letter dated July 1, 2014, that the Town response to the FOIL request would be provided by August 15, 2014. On that date, the documents were made available in the Office of the Town Clerk for inspection and, by two letters, both dated August 15, 2014, the petitioners were informed which documents the Town would be withholding from production pursuant to certain specific statutory exemptions of Public Officers Law § 87(2). The petitioners submitted a FOIL appeal to Town Attorney Tiffany Scarlato, but the appeal was largely rejected.
In December 2014, the petitioners commenced this CPLR article 78 proceeding against the Town, Santiago, and Scarlato (hereinafter collectively the Town) seeking to annul, [*2]rescind, and set aside the Town's FOIL response on three separate grounds and for an award of an attorney's fee and litigation costs. The Supreme Court denied those branches of the petition which were to annul, rescind, and set aside the Town's FOIL response on the grounds that the Town's response was untimely or that the Town had waived its right to assert that, inter alia, portions of documents were exempt from disclosure. The court directed that the Town disclose documents it had claimed were exempt under the trade secret and commercial enterprise exemptions, but, upon determining that the petitioners had not "substantially prevailed" in the proceeding, declined to award an attorney's fee and costs pursuant to Public Officers Law § 89(4)(c). The petitioners appeal. We affirm.
In order to promote open government and public accountability, FOIL imposes a broad duty on government to make its records available to the public (see Public Officers Law § 84; Matter of Town of Waterford v New York State Dept. of Envtl. Conservation, 18 NY3d 652, 656-657; Matter of Gould v New York City Police Dept., 89 NY2d 267, 274). "All government records are thus presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87(2)" (Matter of Gould v New York City Police Dept., 89 NY2d at 274-275). The "exemptions are to be narrowly interpreted so that the public is granted maximum access to the records of government" (Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462; see Matter of Gould v New York City Police Dept., 89 NY2d at 275).
There is no merit to the petitioners' contention that the purported untimeliness of the Town's response to their FOIL request warrants annulling, rescinding, or setting aside the Town's response and compelling the full production of the requested documents. We agree with the Supreme Court's determination that the Town had timely responded to the petitioners' FOIL request within the statutory time (see Lecker v New York City Bd. of Educ., 157 AD2d 486, 486-487). Accordingly, we agree with the court's denial of that branch of the petition. We note that, in any event, a FOIL requester's statutory remedy for an untimely response or ruling is to deem the response a denial and commence a CPLR article 78 proceeding "for review of such denial" (Public Officers Law § 89[4][b]; see Public Officers Law § 89[4][a]; Matter of Corbett v City of New York, 160 AD3d 415; Matter of New York Times Co. v City of N.Y. Police Dept., 103 AD3d 405, 406; Matter of Miller v New York State Dept. of Transp., 58 AD3d 981, 983).
The petitioners' contention that the Town's response to their FOIL request should be annulled, rescinded, or set aside on the ground that the Town had waived its right to claim application of certain exemptions, by its initial agreement to disclose or its subsequent inadvertent disclosure of documents that were otherwise claimed to be exempt, is also without merit. Contrary to the petitioners' contention, the Town's initial agreement to produce certain portions of relevant appraisal reports did not constitute a binding agreement to produce, and actions by the Town, including subsequent inadvertent disclosure by the Town, did not constitute a waiver of its right to claim an exemption (see Matter of Mazzone v New York State Dept. of Transp., 95 AD3d 1423; Matter of Miller v New York State Dept. of Transp., 58 AD3d at 983; Matter of McGraw-Edison Co. v Williams, 133 Misc 2d 1053, 1055 [Sup Ct, Albany County]). In any event, since the Supreme Court agreed with the petitioners that the portions of the appraisal reports that included factual and statistical material were not exempt and must be disclosed, and further concluded that the Town had failed to sufficiently establish the applicability of the trade secret and commercial enterprise exemptions, the court, in effect, granted that branch of the petition which was to compel disclosure of these documents and portions thereof. Thus, the petitioners' waiver arguments with respect to these materials have been rendered academic by the ordered disclosure of those materials (see Matter of Baez v Brown, 98 AD3d 609, 610-611).
The petitioners did not allege in their petition that the Town's application of the intra-agency communication exemption with respect to the appraisal reports was improper or that the subject appraisal reports must be disclosed in their entirety. To the extent the petitioners appear to raise such an argument on appeal, that contention is improperly raised for the first time on appeal (see Matter of Xerox Corp. v Town of Webster, 65 NY2d 131, 131-132).
Finally, the record supports the Supreme Court's finding that the petitioners had not [*3]"substantially prevailed" in this proceeding and, therefore, were not entitled to an attorney's fee and litigation costs (see Matter of Cook v Nassau County Police Dept., 140 AD3d 1059, 1060-1061).
SCHEINKMAN, P.J., RIVERA, BALKIN and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court